**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH JERROD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06CV763(SNL) |
| | ) | |
| **C.O. RAINWATER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Joseph Jerrod for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are C.O. Rainwater and Dr. Hernandez. Plaintiff alleges that he had a prosthetic boot confiscated from him on January 4, 2006, when he was transferred to the Eastern Reception and Diagnostic Center (ERDC). Plaintiff alleges that he was provided another prosthetic boot on April 1, 2006. Plaintiff asserts that because he did not have the use of the prosthetic boot for approximately three months, his foot injury did not heal properly. Plaintiff states that when he a grievance hearing concerning the

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

confiscation of the boot, defendant Rainwater was allowed to be present.  Finally, plaintiff alleges that defendant Hernandez told him that x-rays would be taken of plaintiff's injured foot, but there would be "no further treatment."

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see</u> <u>also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Glick v. Sargent</u>, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).  Plaintiff has failed to assert any facts indicating that defendants Rainwater and Hernandez were directly involved in or personally responsible for the alleged deprivation of plaintiff's prosthetic boot.

Furthermore, an inmate's complaint of inadequate medical care amounts to an eighth amendment violation if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1237-38 (8th Cir. 1997).  Mere negligence in diagnosing or treating a medical

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

condition does not rise to the level of a constitutional violation. Estelle, 429 U.S. at 106.  A mere disagreement over treatment methods also does not rise to the level of a constitutional violation.  Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).  The complaint indicates that plaintiff was re-issued his prosthetic boot and that x-rays were going to be taken.  To the extent that plaintiff complains that defendant Hernandez informed plaintiff that no further treatment would be provided, it appears to be a mere disagreement over treatment methods.[1]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Court notes that the instant complaint was filed on May 10, 2006, approximately one month after some of the alleged acts had occurred.  At the time the complaint was filed, plaintiff was no longer in custody.  Once released from custody, plaintiff had no constitutional right to be treated for his foot injury.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

An appropriate order shall accompany this order and memorandum.

Dated this 9th day of June, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com